UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSHAWN COOPER,
Petitioner,

v. Case No. 8:23-cv-2209-KKM-CPT

SECRETARY, DEPARTMENT OF CORRECTIONS,
Respondent.

___________________________________

## ORDER

Cooper, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), and the limited response seeking to dismiss the petition as time-barred, (Doc. 5), the petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

## I. BACKGROUND

A state court jury convicted Cooper of second-degree murder with a weapon. (Doc. 5-2, Ex. 2.) The state trial court sentenced him to life in prison. (Doc. 5-2, Ex. 3.) The state appellate court per curiam affirmed the conviction and sentence. (Doc. 5-2, Ex. 6.) The state court denied Cooper's motion to correct an illegal sentence, filed under Florida Rule of

[1] Cooper did not file a reply.

Criminal Procedure 3.800(a). (Doc. 5-2, Exs. 7 & 8.) The state court also denied Cooper's motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850. (Doc. 5-2, Exs. 9-11.)

The state appellate court reversed the denial of Ground Two of the Rule 3.850 motion because portions of the state court record attached to the state court's order did not conclusively refute Cooper's claim. *Cooper v. State*, 336 So.3d 415 (Fla. 2d DCA 2022). The state appellate court affirmed the denial of postconviction relief in all other respects. *Id.* On remand, the state court again denied Ground Two of Cooper's Rule 3.850 motion. (Doc. 5-2, Ex. 15.) The state appellate court per curiam affirmed the denial of relief. (Doc. 5-2, Ex. 18.) The state appellate court also denied Cooper's petition alleging ineffective assistance of appellate counsel, filed under Florida Rule of Appellate Procedure 9.141(d). (Doc. 5-2, Exs. 20 & 23.)

## II. THE PETITION'S UNTIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application

for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Cooper's conviction and sentence on February 7, 2018. (Doc. 5-2, Ex. 6.) His judgment became final 90 days later, on May 8, 2018, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

After 149 days of untolled time, on October 5, 2018, Cooper filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 5-2, Ex. 7.) The state court denied the motion on November 2, 2018. (Doc. 5-2, Ex. 8.) Although Cooper did not appeal the denial, the AEDPA limitation period remained tolled for the 30-day period to do so, which concluded on December 3, 2018.[2] *See* Fla. R. Crim. P. 3.800(a)(4) (stating that a petitioner may appeal an order denying or dismissing a Rule 3.800(a) motion within 30 days); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that a postconviction claim "remains pending until the time to seek review expires").

After another 98 days of untolled time passed, Cooper filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on March 12, 2019.

[2] The thirtieth day, December 2, 2018, was a Sunday. Therefore, Cooper had until Monday, December 3, 2018, to appeal. *See* Fla. R. App. P. 9.010; Fla. R. Jud. Admin. 2.514(a)(1)(C).

(Doc. 5-2, Ex. 9.) This motion remained pending until the state appellate court's mandate issued on October 25, 2022. (Doc. 5-2, Ex. 19.) At that time, Cooper had 118 days remaining on his AEDPA limitation period. Therefore, his § 2254 petition was due by February 20, 2023. Cooper did not file any subsequent tolling motions in state court. His petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d) was filed on January 13, 2020, and was denied on March 25, 2020. (Doc. 5-2, Exs. 20 & 23.) During this time, his Rule 3.850 motion for postconviction relief was pending and, therefore, the AEDPA limitation period was already tolled. (Doc. 5-2, Exs. 9 & 19.) Accordingly, Cooper's § 2254 petition, filed on September 25, 2023, is untimely.

In the section of his petition on timeliness, Cooper asserts that his petition is timely, but adds, "otherwise [he] is entitled to equitable tolling." (Doc. 1, p. 12.) Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San*

*Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Cooper provides no argument or facts supporting his request for equitable tolling. He merely states that equitable tolling applies to this case. Thus, Cooper has not carried his burden of showing that he is entitled to equitable tolling. His petition is dismissed as time-barred.[3]

## III. CERTIFICATE OF APPEALABILITY

Cooper is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Cooper must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Cooper cannot satisfy the second prong of the *Slack* test. As Cooper is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Cooper's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Cooper and in Respondent's favor and to **CLOSE** this case.

[3] Cooper does not assert that the Court may consider his untimely petition on the basis that new evidence shows his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

**ORDERED** in Tampa, Florida, on February 5, 2024.

Kathryn Kimball Mizelle
United States District Judge